IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

YOLANDA WEEMS UTLEY,

           **Plaintiff,**

v.

RIVER CITY,

           **Defendants.**

Case No. 25-CV-00694-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on a Motion for Leave to Proceed *in forma pauperis* ("IFP") filed by *pro se* Plaintiff Yolanda Weems Utley.[1] (Doc. 4). The Complaint names River City as the defendant in this action. (Doc. 3). Weems Utley now seeks to proceed in this Court without prepayment of the required filing fees.

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed IFP; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours &*

---

[1] Plaintiff spells her name as "Weems" in the case caption of her Complaint and accompanying Motion to Proceed *in forma pauperis*. The Court notes, however, that on page 6 of her Complaint (Doc. 3) and page 2 of her Motion to Proceed *in forma pauperis* (Doc. 4), it appears she prints and signs her name as "Weeams." Further, both her Complaint and her Motion to Proceed *in forma pauperis* were received via U.S. Mail from "Yolanda Weeams." (*See* Doc. 3, p. 7; Doc. 4, p. 3). For clarity, the Court will refer to Plaintiff as "Weems" throughout this Order.

*Co.*, 335 U.S. 331, 339–40 (1948).

Weems Utley asserts in her affidavit that her take home wages are $1,372.68. (Doc. 4). She does not, however, state whether she receives this pay weekly, biweekly, monthly, or at some other frequency. Weems Utley asserts that she has no money in a savings or checking account and has no assets, and that her monthly expenses, including that of her dependent child, are approximately $2,934.00. (*Id.*). Assuming that Weems Utley is paid on a bi-weekly or monthly basis, her monthly expenses clearly outweigh her income, demonstrating her indigence under 28 U.S.C. § 1915(a)(1). This Court, however, need not make this assumption for the following reasons.

The inquiry does not end at the determination of whether or not Weems Utley is indigent. Under § 1915(e)(2), the Court must also screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

Courts construe the claims in *pro se* complaints generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649, 651 (7th Cir. 2013). Conclusory statements and labels, however, are not

enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422–23 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Weems Utley purports to bring claims against Defendant River City on the basis of her belief that Defendant company violated her civil rights. (Doc. 3, p. 5). She states that she is requesting both injunctive relief as well as money damages in the amounts of $100,000 for compensatory damages, $100,000 for punitive damages, and $300,000 "for civil rights violations." (*Id.*, p. 6). Further, she states that she has previously sued River City, and that her case was dismissed, and she wants this Court to reopen it. (*Id.*, p. 4).[2]

Even liberally construing Weems Utley's allegations, it is wholly evident that her Complaint fails to state a claim for relief. Weems Utley's Complaint does not explain the basis for which she claims her civil rights were violated. She does not allege any facts establishing a basis for suing River City. Further, she provides no factual information that demonstrates which rights of hers, if any, were violated by River City. She cites to no provision of state or federal statutory or constitutional law

---

[2] This Court is not aware of any previously filed action by Weems Utley against Defendant River City. In her Complaint, Weems Utley does not provide a case number or citation to the case she references here, nor does this Court have any record of any filings by Weems Utley in the Southern District of Illinois prior to the filing of the instant action.

that supports a cause of action. *See Swanson*, 614 F.3d at 403. Additionally, she does not assert how this Court has subject-matter jurisdiction to adjudicate her case. Simply put, Weems Utley's Complaint does not meet the required standard to state a claim to relief that is plausible on its face.

Because Weems Utley has failed to state a claim with the requisite particularity, her Complaint (Doc. 3) is **DISMISSED without prejudice**. Weems Utley shall have until June 5, 2025, to file an amended complaint that properly states a claim for relief.

Until then, the Court **RESERVES RULING** on Weems Utley's Motion for Leave to Proceed *in forma pauperis* (Doc. 4). Failure to file an amended complaint within the time permitted will result in the dismissal of this action for failure to prosecute. *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED:  May 15, 2025**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN** 
**U.S. District Judge**
